## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WEBSTER UNIVERSITY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:25-cv-01778 |
| | ) |
| ST. LOUIS LEASED HOUSING ASSOCIATES MASTER TENANT V, LLLP, | ) ) ) |
| | ) |
| Defendant. | ) |

## **DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, St. Louis Leased Housing Associates Master Tenant V, LLLP ("Defendant"), and as for its Answer to Plaintiff Webster University's ("Plaintiff") Complaint, states and alleges as follows:

### ANSWER

Defendant denies each and every allegation, matter, and thing alleged in the Complaint, including the section headings contained therein, unless hereinafter specifically admitted or otherwise qualified.

1. Defendant affirmatively alleges that the document entitled "Commercial Lease," attached to the Complaint as Exhibit A, speaks for itself. To the extent any of the allegations contained in Paragraph 1 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

### PARTIES

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in the second sentence of Paragraph 3 of the Complaint. Defendant admits the remaining allegations contained in Paragraph 3 of the Complaint subject to two qualifications: John Sipes is a Nevada resident, and Chris Barnes is an Arizona resident.

## JURISDICTIONAL STATEMENT

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## FACTS COMMON TO ALL COUNTS

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint; Defendant, therefore, denies the same and puts Plaintiff to its burden of proof.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint; Defendant, therefore, denies the same and puts Plaintiff to its burden of proof.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant affirmatively alleges that the document entitled "Declaration of Condominium and By-Laws of Arcade Building Condominium" ("Declaration"), attached to the Complaint as Exhibit B, speaks for itself. To the extent any of the allegations contained in Paragraph 11 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

12. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 12 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

13. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 13 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

14. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 14 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

15. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 15 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

16. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 16 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

17. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 17 of the Complaint are in any way

inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

18. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 18 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

19. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 19 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

20. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 20 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

21. Defendant affirmatively alleges that the Commercial Lease speaks for itself.  To the extent any of the allegations contained in Paragraph 21 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

22. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 22 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

23. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 23 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

24. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 24 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

25. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 25 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

26. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 26 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

27. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 27 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

28. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 28 of the Complaint are in any way

inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

29. Defendant affirmatively alleges that the March 28, 2024 correspondence referenced in Paragraph 30 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 29 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

30. Defendant affirmatively alleges that the March 28, 2024 correspondence referenced in Paragraph 30 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 30 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant affirmatively alleges that the June 10, 2024 and August 10, 2024 correspondence referenced in Paragraph 32 of the Complaint speak for themselves.  To the extent any of the allegations contained in Paragraph 32 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

33. With respect to the allegations contained in the first and second sentences of Paragraph 33 of the Complaint, Defendant affirmatively alleges that the August 21, 2024 correspondence referenced therein speaks for itself.  To the extent any of the allegations contained in the first and second sentences of Paragraph 33 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed

herein, Defendant denies the same and puts Plaintiff to its burden of proof. Defendant admits the allegations contained in the third sentence of Paragraph 33 of the Complaint. Defendant denies the allegations contained in the fourth and fifth sentences of Paragraph 33 of the Complaint because Plaintiff is not entitled to a refund.

34. Defendant affirmatively alleges that the September 5, 2024 correspondence referenced in Paragraph 34 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 34 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in the first and second sentences of Paragraph 36 of the Complaint. With respect to the third sentence of Paragraph 36 of the Complaint, while Defendant admits that it has not provided the name of a Colliers representative, it denies that it has not revealed the results of the review.

37. Defendant affirmatively alleges that the CAM reconciliation provided on October 30, 2024 and the January 21, 2025 correspondence referenced in Paragraph 37 of the Complaint speak for themselves. To the extent any of the allegations contained in Paragraph 37 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant affirmatively alleges that the referenced CAM Reconciliation and the 2025 budgeted CAM costs referenced in Paragraph 39 of the Complaint speak for themselves. To

7

the extent any of the allegations contained in Paragraph 39 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

40. Defendant affirmatively alleges that the May 9, 2025 correspondence referenced in Paragraph 41 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 40 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

41. Defendant affirmatively alleges that the May 9, 2025 correspondence referenced in Paragraph 41 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 41 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant affirmatively alleges that the November 19, 2025 correspondence referenced in Paragraph 43 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 43 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

44. Defendant affirmatively alleges that the 2024 Lease Audit Report referenced in Paragraph 44 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 44 of the Complaint are in any way inconsistent with or contrary to the affirmative

allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

45. Defendant affirmatively alleges that the report referenced in Paragraph 45 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 45 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 52 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

53. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 53 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

54. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 54 of the Complaint are in any way

inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 56 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

57. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 57 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

58. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 58 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

59. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 59 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant affirmatively alleges that the allocation of expenses referenced in Paragraph 61 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 61 of the Complaint are in any way inconsistent with or contrary to the affirmative

allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

62. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 62 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

63. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 63 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

64. Defendant affirmatively alleges that the Declaration speaks for itself. To the extent any of the allegations contained in Paragraph 64 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

65. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 65 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

66. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 66 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 69 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

70. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 70 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 72 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

73. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 73 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

74. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 74 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

75. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 75 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 77 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

78. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 78 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

79. Defendant affirmatively alleges that the Commercial Lease and Declaration speak for themselves. To the extent any of the allegations contained in Paragraph 79 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

80. Defendant affirmatively alleges that the Commercial Lease and Declaration speak for themselves. To the extent any of the allegations contained in Paragraph 80 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

81. Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 81 of the Complaint are in any way

inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

      82.      Defendant denies the allegations contained in Paragraph 82 of the Complaint.

      83.      Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 83 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

      84.      Defendant affirmatively alleges that the Commercial Lease and the Defendant prepared document referenced in Paragraph 84 of the Complaint speak for themselves. To the extent any of the allegations contained in Paragraph 84 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

      85.      Defendant affirmatively alleges that the Commercial Lease speaks for itself. To the extent any of the allegations contained in Paragraph 85 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

      86.      Defendant affirmatively alleges that it has not breached the Commercial Lease and has not caused Plaintiff to suffer damages. To the extent any of the allegations contained in Paragraph 86 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

      87.      Defendant affirmatively alleges that it has not breached the Commercial Lease and therefore affirmatively alleges that an amendment to its billing practices is not necessary. To the

extent any of the allegations contained in Paragraph 87 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

88. Defendant affirmatively alleges that it has not breached the Commercial Lease and has not caused Plaintiff to suffer any damages. To the extent any of the allegations contained in Paragraph 88 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

89. Defendant affirmatively alleges that the correspondence dated June 2, 2025 referenced in Paragraph 89 of the Complaint speaks for itself. To the extent any of the allegations contained in Paragraph 89 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

91. Defendant restates and realleges its responses contained in Paragraphs 1–90 of this Answer as if fully set forth herein.

92. Defendant admits the allegations contained in Paragraph 92 of the Complaint.

93. Defendant affirmatively alleges that Plaintiff is now current on its payment obligations under the Commercial Lease. To the extent any of the allegations contained in Paragraph 93 of the Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Defendant denies the same and puts Plaintiff to its burden of proof.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss Count I of the Complaint in its entirety; award Defendant its costs, expenses, and attorneys' fees incurred in this action; and award Defendant any further relief that the Court deems just and equitable.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

96. Defendant restates and realleges its responses contained in Paragraphs 1–95 of this Answer as if fully set forth herein.

97. Paragraph 97 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies and puts Plaintiff to its burden of proof.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss Count II of the Complaint in its entirety; award Defendant its costs, expenses, and attorneys' fees incurred in this action; and award Defendant any further relief that the Court deems just and equitable.

## COUNT III
## UNJUST ENRICHMENT

100. Defendant restates and realleges its responses contained in Paragraphs 1–99 of this Answer as if fully set forth herein.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss Count III of the Complaint in its entirety; award Defendant its costs, expenses, and attorneys' fees incurred in this action; and award Defendant any further relief that the Court deems just and equitable.

## COUNT IV
## DECLARATORY JUDGMENT (28 U.S.C. § 2201–2202)

106. Defendant restates and realleges its responses contained in Paragraphs 1–105 of this Answer as if fully set forth herein.

107. Paragraph 107 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same and puts Plaintiff to its burden of proof.

108. Paragraph 108 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same and puts Plaintiff to its burden of proof.

109. Paragraph 109 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same and puts Plaintiff to its burden of proof.

110. Paragraph 110 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same and puts Plaintiff to its burden of proof.

111. Paragraph 111 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same and puts Plaintiff to its burden of proof.

112. Paragraph 112 of the Complaint contains legal contentions or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same and puts Plaintiff to its burden of proof.

113. With respect to the allegations contain in Paragraph 113 of the Complaint, including its subparagraphs, Defendant denies that Plaintiff is entitled to the relief sought and otherwise denies all allegations contained therein.

114. With respect to the allegations contain in Paragraph 114 of the Complaint, Defendant denies that Plaintiff is entitled to the relief sought and otherwise denies all allegations contained therein.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss Count IV of the Complaint in its entirety; award Defendant its costs, expenses, and attorneys' fees incurred in this action; and award Defendant any further relief that the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

As for its Affirmative Defenses to the Complaint, Defendant states and alleges as follows:

1. Plaintiff's claims are barred by the clear, unambiguous, and express terms of the parties' contractual agreement.

2. Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred in whole or in part, by the applicable statute(s) of limitations and/or contractual limitations period.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to suffer any damages and/or failed to mitigate his damages, if any.

7. Plaintiff's claims are barred, in whole or in part, because Defendant has, at all times, acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the declaratory relief sought.

9. The Complaint may be barred, in whole or in part, by other affirmative defenses which will not be known until discovery is complete, and Defendant reserves the right to assert all other affirmative defenses which may become available during or following the completion of discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss the Complaint in its entirety; award Defendant its costs, expenses, and attorneys' fees incurred in this action; and award Defendant any further relief that the Court deems just and equitable.

Dated: January 6, 2026									Respectfully submitted,

											**LATHROP GPM LLP**

											By:	*/s/ Emily E. Cantwell*
												Emily E. Cantwell (63004)
												emily.cantwell@lathropgpm.com
												Lauren J. Atherton (77846)
												lauren.atherton@lathropgpm.com
												The Plaza at Clayton
												190 Carondelet Plaza, Suite 1400
												Clayton, Missouri 63105
												(T): 314.613.2800
												(F): 314.613.2801

											*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically and served via the Court's electronic filing system upon all counsel of record on this 6th day of January, 2026.

											*/s/ Emily E. Cantwell*